UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

KATHERINE RAMEAU,            )
                             )
           Plaintiff         )
                             )
      v.                     )        No. 2:25-cv-00057-LEW
                             )
SCOTT LANDRY, *et al.*,      )
                             )
           Defendants        )

ORDER ON MOTIONS FOR JUDGMENT ON THE PLEADINGS

Plaintiff Katherine Rameau complains against Defendants, all officers of the Maine

Department of Corrections, that she was subjected to an unconstitutional deprivation when

corrections officers attended the birth of her child in a private hospital setting.  The matter

is before the Court on an initial Motion for Judgment on the Pleadings (ECF No. 32), which

has been mooted by Plaintiff's Motion to Amend, previously granted by the assigned

Magistrate Judge.  Following service of the Amended Complaint, Defendants filed a

second Motion for Judgment on the Pleadings (ECF No. 66), in which they press a

collection of arguments seeking partial dismissals, which I now resolve in summary

fashion.

A.

Defendants challenge Plaintiff's inclusion of the Maine Department of Corrections

as a defendant, as well as Plaintiff's official capacity claims against the individual

defendants.  Plaintiff concedes that dismissal of these claims is appropriate.  Accordingly, the MDOC and the official capacity claims are dismissed.

### B.

Defendants seek the dismissal of Plaintiff's claim under the Maine Civil Rights Act as pled against supervisory officers because, they say, no reading of the Amended Complaint would support the necessary finding that these defendants engaged in physical force or violence.  Plaintiff argues in response, in part, that her MCRA claim can proceed based on a recent amendment to the MCRA.  However, the amendment at issue, which concerns circumstances causing emotional distress, *see* 5 M.R.S. § 4682(1-A)(B)(5), is not retroactively applicable to her case for the reasons outlined in Defendants' briefs.  Plaintiff separately argues that her MCRA claim is sufficiently stated against the supervisory officers even under the prior version of the MCRA because she relies on supervisory liability theories.  I find that the resolution of this question will be more precise with the advantage of a legal analysis that benefits from a complete record and therefore deny Defendants' request for a partial dismissal of the MCRA claim against the supervisory officers.

### C.

In addition to complaining of corrections officers attending her labor and delivery, Plaintiff complains of strip searches conducted before her departure from the hospital and after her return to the correction setting.  Defendant seeks partial judgment on the pleadings to rule out the strip search component of Plaintiff's case.  They observed that none of the searches were conducted by male officers and that, in any event, no female officer would

have understood that conducting strip searches occasioned by Plaintiff's visit to a hospital and return to the corrections setting would violate clearly established law.  I decline to dismiss this aspect of the case at this time.  According to Plaintiff, the same officer conducted all three searches within a short time frame without leaving Plaintiff's presence.  Although this claim seems to have an infirm legal footing, I consider it minimally plausible and would prefer a more developed record before making a ruling.  In any event, given the pleadings and Plaintiff's Objection to the Motion, it appears that this aspect of the case reaches only one of the female officers.

D.

Plaintiff claims that Defendants deprived her not only of rights protected under the Fourth Amendment, but also rights protected by the Eighth Amendment and the Fourteenth Amendment.  Defendants seek judgment on the pleadings against the Eighth Amendment claim of cruel and unusual punishment and the Fourteenth Amendment claim for deprivation of due process (presumably substantive due process).  Both challenges turn on the question of whether the Fourth Amendment claim displaces these other provisions because it is the primary source of the right to privacy.  These challenges also call into question whether the presence and behavior of corrections officers during Plaintiff's labor and delivery could be deemed sufficiently culpable or outrageous to meet the high demands of the cruel and unusual punishment or substantive due process standards.  I conclude that this is a question best resolved in the context of a complete record and a closer legal examination than I intend to perform on the current briefing.

3

E.

Defendants argue that qualified immunity shields the female corrections officers who were present during Plaintiff's labor and delivery, citing *Brown v. Cumberland County*, 687 F. Supp. 3d 150, 164 (D. Me. 2023). It does appear that the female defendants will have a strong argument for summary judgment, for the reasons outlined by Judge Torresen in *Brown*, but for present purposes, drawing inference for the Plaintiff, it is minimally plausible that the presence and conduct of a given officer could have crossed the line. Again, a record would be helpful.

F.

Finally, Defendants challenge Plaintiff's plea for injunctive relief. There is no apparent injunctive relief for Plaintiff to obtain in the context of this case involving an alleged past violation during a labor and delivery that is unlikely to recur while Plaintiff remains in the custody of the MDOC. Furthermore, Plaintiff has in any event acknowledged that it is appropriate to dismiss her official capacity claims, so there are no longer official capacity defendants who might be subject to prospective injunctive relief.[1]

CONCLUSION

Defendant's original Motion to Dismiss (ECF No. 32) is DENIED AS MOOT. Defendant's second Motion to Dismiss (ECF No. 66) is GRANTED IN PART AND DENIED IN PART. The Maine Department of Corrections is DISMISSED. All official

---

[1] Plaintiff has not suggested what kind of injunctive relief would be appropriate on personal capacity claims.

capacity claims and claims for injunctive relief are likewise DISMISSED.  The Motion is otherwise DENIED.

SO ORDERED.

Dated this 14th day of July, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge